UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CHARLES E. WOMAC, ENOLA G. )
WOMAC, and MARIAN S. WOMAC, )
)
    Plaintiffs, )
) Case No. 1:10-CV-52
v. ) Chief Judge Curtis L. Collier
)
FIRST VOLUNTEER BANK, )
)
    Defendant. )

## **MEMORANDUM & ORDER**

Before the Court is Plaintiffs Charles E. Womac, Enola G. Womac, and Marian S. Womac's ("Planitiffs") motion for a stay and a temporary injunction pending an interlocutory appeal (Court File No. 19). Defendant First Volunteer Bank did not respond. For the reasons below, Plaintiffs' motion is **DENIED.**

## I.    BACKGROUND

Plaintiffs own real property in McMinn County, Tennessee, which is pledged to Defendant First Volunteer Bank ("Defendant") as security in various loan agreements.[1] Plaintiffs have been in default on these loans since late 2008. Since then, Defendant has made several attempts to foreclose on the property. Each attempt has been frustrated, however, by various legal actions commenced by Plaintiffs.

Defendant first attempted to foreclose in late 2008. Shortly thereafter, Plaintiffs filed a

---

[1] Unless otherwise noted, this information is based on evidence presented to the Court in conjunction with Plaintiff's previously denied motion for a preliminary injunction (*see* Court File No. 16).

petition for bankruptcy protection, which automatically stayed the foreclosure process. That proceeding was involuntarily dismissed, however, when Plaintiffs failed to make required filings. This allowed Defendant to resume the foreclosure proceedings. Plaintiffs responded by filing an action in state court, in which they sought to enjoin the foreclosure. The state court granted the injunction, but required Plaintiffs to pay $5,000 per month against their debt until trial.

Thereafter, Plaintiffs filed a voluntary non-suit in their state court action and commenced this action in federal court. Plaintiffs assert claims under the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, the federal Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.*, the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101 *et seq.*, as well as common law claims of fraud, conversion, intentional misrepresentation, negligent misrepresentation, breach of fiduciary duty, and civil conspiracy.

As in the state court action, Plaintiffs moved in this case for a preliminary injunction enjoining Defendant from completing its foreclosure on their property (Court File Nos. 1, 2). On March 17, 2010, and again on April 28, 2010, the Court provided Plaintiffs an opportunity to present evidence and arguments in support of their motion (Court File No. 5, 9). Thereafter, the Court denied the motion, concluding Plaintiffs had failed to demonstrate a likelihood of success on the merits or demonstrate irreparable harm (Court File No. 16). Plaintiffs then instituted an interlocutory appeal from the Court's denial of injunctive relief, pursuant to 28 U.S.C. § 1292(a) (Court File No. 21). Plaintiffs also made the present motion, seeking stay and an injunction pending resolution of their interlocutory appeal (Court File No. 19).

**II.    ANALYSIS**

**A. Injunction Pending Appeal**

Under Rule 62(c) of the Federal Rules of Civil Procedure, a district court is authorized to grant an injunction pending appeal, whenever an appeal is taken from an interlocutory order denying injunctive relief. *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987); *see also* Fed. R. App. P. 8(a) (permitting court of appeals to grant same relief). In considering a request for such relief, a district court evaluates the same four factors evaluated in a request for a preliminary injunction. *See id.* (stating district courts apply same standard under Fed. R. Civ. P. 62(c) as courts of appeals apply under Fed. R. App. P. 8(a)); *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (citing *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). These factors are: 1) the likelihood of reversal; 2) the prospect of irreparable harmed absent the injunction; 3) the prospect of harm to others if the court grants the injunction; and 4) the public interest in granting the injunction. *Granholm*, 473 F.3d at 244; *Griepentrog*, 945 F.2d at 153. "All four factors are not prerequisites but are interconnected considerations that must be balanced together." *Granholm*, 473 F.3d at 244. In addition, "a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the movant] will suffer absent the stay." *Griepentrog*, 945 F.2d at 153.

In resolving Plaintiffs' original motion for injunctive relief, the Court concluded Plaintiffs' had failed their burden of showing a likelihood of success on merits of their claims or demonstrate irreparable harm (Court File No. 16 at 5). The Court concludes the same holds true now. In support of their original motion, Plaintiffs offered very little evidence beyond unsupported assertions contending Defendant had erroneously calculated the balance outstanding on their loans. At oral

3

argument, Plaintiffs' principal witness was Plaintiffs' personal book keeper, Jim Heading. During Mr. Headings's testimony, he stated he was only familiar with two of the five outstanding loans on Plaintiffs property. From this, and in light of the Court's previously explained doubts regarding the reliability of Mr. Headings as an expert, the Court determined Mr. Headings calculations were insufficient to demonstrate a likelihood of success on any of Plaintiffs claims in this case (*see id.*).

In support of this new motion for injunctive relief, Plaintiffs offers a new affidavit from Mr. Headings, in which he offers a new analysis of Plaintiffs outstanding loans (Court File No. 20, Ex. 1). Based upon documents entered into evidence by Defendant at oral argument, Mr. Headings believes Defendant incorrectly recorded a loan sold to an unidentified purchaser (*id.* at ¶ 3). According to Mr. Headings, he believes Plaintiffs only owe Defendant $508,388.78 (*id.*) , rather than the approximately $875,000 claimed by Defendant.

Mr. Headings supplemental affidavit fails to demonstrate a likelihood of reversal on appeal. One of the reasons this Court previously denied Plaintiffs injunctive relief was Mr. Headings stated lack of familiarity with the Plaintiffs' entire loan portfolio (Court File No. 16 at 5). It appears Mr. Headings supplemental affidavit is meant to cure this defect. All it manages to do, however, is indicate there is nothing more than a simple dispute as to the total amount of Plaintiffs obligation to Defendant. In other words, Mr. Heading's supplemental affidavit does not touch on the merits of Plaintiffs claims. In support of injunctive relief, Plaintiffs offer no argument as to how this dispute over the loan amount satisfies any of the elements for their claims under the Truth in Lending Act, the Real Estate Procedures Act, the Tennessee Consumer Protection Act, or their common law claims. Because Plaintiffs fail to show a likelihood of success on the merits, Plaintiffs are not entitled to injunctive relief, either pending trial or pending appeal.

In addition, even if the Court views Plaintiffs' calculations in the light most favorable to them, Plaintiffs have not offered any argument as to why Defendant should not be entitled to its remedy of foreclosure. Plaintiffs admit to owing Defendant at least $508,388.78 (Court File No. 20, Ex. 1). At the hearing, they also admitted they have not made any scheduled payments against this obligation in nearly two years.[2] Even if Plaintiffs dispute the remaining balance on their loans, Plaintiffs have identified no authority releasing them from their obligation to make payments against the $508,388.78. Because Plaintiffs admit they have failed for nearly two years to make payments against the portion of their debt they recognize, the Court finds no reason to deprive Defendant of a lawful remedy to recover that debt. Should Plaintiffs ultimately prevail on the merits and prove Defendant has overstated their obligation, the fact will remain Plaintiffs have been in default for all of this time. Thus, Plaintiffs have not shown there is any possibility they would be harmed by a wrongful foreclosure should Defendant foreclose on their property while this action is pending, as Defendant's appear to be entitled to such a remedy.

Therefore, for these reasons and for the reasons stated in the Court's previous order, the Court again denies Plaintiffs their requested injunctive relief.

**B. Stay Pending Appeal**

In addition to requesting injunctive relief, Plaintiffs move the Court to stay this case pending resolution of their interlocutory appeal (Court File No. 19). The Court finds nothing justifying a stay in this case. The pending interlocutory appeal only addresses whether Plaintiffs are entitled to a preliminary injunctive relief–that is, it does not address any issue related to the merits of this

---

[2]The Court assumes Plaintiffs have made no additional payments since this case was filed and so adds the four months this case had been pending to the eighteen months of default which existed when this case began.

dispute. Thus, no purpose other than delay is served by granting a stay. Accordingly, this motion is denied.

## III. CONCLUSION

Accordingly, for the above reasons, Plaintiffs' motion for injunctive relief and/or a stay pending appeal (Court File No. 19) is **DENIED**.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**